UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JAY JOHNSON,

    Plaintiff,

v.

CITY OF WAKEFIELD,

    Defendant

_____/

Case No. 2:23-cv-00217

Hon.  Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

On November 8, 2023, *pro se* Plaintiff John Jay Johnson filed a 20-page collection of documents with the Court along with 20 supporting exhibits. The caption on the first page identifies the City of Wakefield, MI as the defendant. (ECF No. 1, PageID.1.) The 20-page collection of documents – categorized as a complaint by the Clerk's Office – includes the following:

- a listing of potential causes of action (ECF No. 1, PageID.1 (listing claims of negligence, abuse of power, abuse of office, and abuse of the elderly against the City of Wakefield, MI)),

- a request for hearing (*id.*),

- a request for damages (*id*, PageID.2-3),

- a brief statement of facts (*id.*, PageID.3-4),

- an excerpt from the Michigan Penal Code (*id.*, PageID.5),

- a motion for hearing dated November 8, 2023 (*id.*, PageID.6),

1

- a 4-page collection of documents apparently from 2022 (*id.*, PageID.7-10), and

- another motion for hearing (*id.*, PageID.11-20.)

Johnson's brief statement of facts (*id.*, PageID.3-4) alleges that Wakefield filled his home with fecal matter due to negligence and forced him to live in dangerously cold conditions in his home. Johnson also alleges that Wakefield began court proceedings against him to place him in jail for 90 days and to place a lien on his property. (*Id.*, PageID.2.)

Johnson's supporting exhibits include a number of photographs and even a video recording. These supporting documents do not, however, clarify his claims to any significant degree.

Plaintiff's filings can only be characterized as disjointed and confusing. Nevertheless, a review of Plaintiff's filings leads to the conclusion that Plaintiff Johnson is in conflict with the City of Wakefield over his housing situation. And clearly this conflict has been a highly traumatic experience for Mr. Johnson. But a federal court may only preside over a case for which it has subject matter jurisdiction. Plaintiff Johnson has the burden of establishing that this Court has the requisite jurisdiction. This he has not done. Accordingly, the undersigned will respectfully recommend the dismissal of Johnson's case.

**II. Legal Standards**

Johnson asked to proceed without prepayment of fees (ECF No. 2) and was granted leave to proceed *in forma pauperis* (ECF No. 4.) Accordingly, under 28 U.S.C.

§ 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Furthermore, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded

by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). If the Court determines that it lacks subject matter jurisdiction "at any time", then it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

This Court has original subject matter jurisdiction over actions that involve "federal questions" that arise under the Constitution, federal law, or treaties of the United States. 28 U.S.C. § 1331. The Court also has original subject matter jurisdiction based upon "diversity of citizenship", meaning suits between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### III.   Analysis

As a starting point, the undersigned recognizes that although *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

4

But more importantly, the undersigned concludes that Plaintiff Johnson has not set forth claims or facts from which the Court could conclude that it has subject matter jurisdiction to preside over this case. Johnson has not asserted a claim based upon a violation of the United States Constitution or any federal law. In addition, Johnson resides in Michigan, and he is apparently suing the City of Wakefield, Michigan. Thus, he has not alleged facts establishing the Court's jurisdiction based on diversity. Reading Johnson's complaint indulgently, the undersigned concludes that he has, at best, asserted state law causes of action against the City of Wakefield. The federal court is the wrong forum for this lawsuit. Absent a viable federal claim or diversity of citizenship, the Court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's state law claims without prejudice to refiling those claims in the state court. *See* 28 U.S.C. § 1367.

Finally, the complaint fails to state a claim upon which relief may be granted. Plaintiff has failed to set forth facts that could establish an actionable claim. The complaint fails to allow the court to draw reasonable inferences that Wakefield may be liable for any alleged misconduct. *Ashcroft*, 556 U.S. at 679. Here, Plaintiff's complaint simply fails to meet the facial plausibility standard.

### IV. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint because the Court lacks jurisdiction to hear Johnson's state law cause of actions. If the Court accepts this recommendation, the case will be dismissed.

Dated:   December 4, 2023        /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).