UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JON JAY JOHNSON,

    Plaintiff,

v.

CITY OF WAKEFIELD,

    Defendant.

_____/

CASE No. 2:23-cv-217

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 5) and Plaintiff's Objection and Supplement to the Report and Recommendation (ECF Nos. 6 and 7). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objections.  After its review, the Court finds that Magistrate Judge Vermaat's Report and Recommendation is factually sound and legally correct.

Plaintiff was permitted to proceed *in forma pauperis* (ECF No. 4).  Thus his Complaint is subject to the screening mechanism in 28 U.S.C. § 1915(e)(2)(B).  The Magistrate Judge properly found that Plaintiff's Complaint failed to state a claim on which relief can be granted.  Plaintiff's Complaint is difficult, at best, to decipher.  It is disjointed and fails, even under the lenient standard afforded to pro se litigants, to provide fair notice of what the claim is and the grounds upon which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It appears that the defendant city is seeking to abate a nuisance, and Plaintiff believes that he may have claims against the city.  But Plaintiff does not state what those claims are, nor does he allege any facts in support of those claims.  Accordingly, Plaintiff's Complaint is subject to dismissal.

Before dismissing the case, however, the Court will give Plaintiff an opportunity to file an Amended Complaint that clearly sets out the claims for relief and factual allegations in support of those claims.  Plaintiff may wish to consult the complaint forms available on the U.S. Courts website for pro se litigants, available at https://www.uscourts.gov/services-forms/forms.  Plaintiff may also wish to consult the handbook for filing a lawsuit in federal court available on this Court's website.  https://www.miwd.uscourts.gov/pro-se-forms.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 5) is **APPROVED AND ADOPTED** as the opinion of the Court, except that Plaintiff will have one more opportunity to submit a proper pleading before ultimate dismissal.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Tuesday, February 20, 2024,** within which to file an amended complaint. Failure to timely file an amended complaint may result in the dismissal of this case for failure to state a claim upon which relief can be granted.

Dated:   January 29, 2024              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE