UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JAY JOHNSON,

    Plaintiff,

v.

CITY OF WAKEFIELD,

    Defendant
_____/

Case No. 2:23-cv-00217

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses *pro se* Plaintiff John Jay Johnson's amended complaint filed against the Defendants – the City of Wakefield, Michigan and attorney Raymond O'Dea. (ECF No. 13.)

Johnson alleges that Wakefield and O'Dea violated his rights under the Americans with Disability Act (ADA) by initiating a Court proceeding to condemn his new mobile home because it is a "blight/nuisance" and because the mobile home did not comply with city building codes. As a result, Johnson says that he was forced to reside in his old mobile home, which he says is inhabitable. Johnson brings this action under the ADA because he says he has mental health issues such as attention-deficient/hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD), mental and physical abuse, and social anxiety disorder. (*Id.*, PageID.108-109.)

On January 29, 2024, this Court determined that Johnson's original complaint failed to state a claim upon which relief may be granted. (ECF No. 9, PageID.95.)

The Court noted that the complaint was difficult to decipher and directed Johnson to file an amended complaint because "Plaintiff believes that he may have claims against the city." (*Id*.) The Court gave Johnson a chance to state his claims and to allege facts in support of his claims. (*Id*.)

Johnson has filed his amended complaint. Johnson requests damages in the amount of $2,900,000.00. (ECF No. 13, PageID.109.) Johnson alleges in his amended complaint:

> City Hall attorney O'Dea stated in open court – that Plaintiff Johnson's newer mobile home was the blight/nuisance. City Hall knew for fact that the older mobile home was unlivable since they were in the home numerous times. The State inspector, Saari, stated he would have condemned the older home, but that he couldn't condemn for Plaintiff would be forced to have no place to reside. Older home was deadly environmental risk, with bio-hazards: (fecal matter city hall spilled in home). The newer home was completely livable with sewer, water, and heat: (completely safe and inspected), yet City Hall using city code laws to force Plaintiff to reside in older home causing physical and mental anguish, knowing Johnson's disability condition.

(ECF No. 13, PageID.109.) It appears that Johnson is asserting that his ADA rights are being violated because the City of Wakefield brought a Court proceeding against him for building code violations that involve his new mobile home. Johnson disagrees with the result of the state court proceeding and the argument that city attorney O'Dea made to the Court during that proceeding. Although Johnson does not explain the state court decision, he does assert that the result prevented him from moving into his new mobile home, and that he continues to live in his less desirable older mobile home.

The undesigned is not unsympathetic to Johnson and the circumstances he

2

faces while trying to improve his living conditions. Nevertheless, it is the recommendation of the undersigned that the Court dismiss this lawsuit because the complaint fails to state a claim upon which relief may be granted.

## II. Legal Standards

Johnson was granted leave to proceed *in forma pauperis* (ECF No. 4.) Accordingly, under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Furthermore, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). If the Court determines that it lacks subject matter jurisdiction "at any time", then it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

This Court has original subject matter jurisdiction over actions that involve "federal questions" that arise under the Constitution, federal law, or treaties of the United States. 28 U.S.C. § 1331. The Court also has original subject matter jurisdiction based upon "diversity of citizenship", meaning suits between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### III. Analysis

As a starting point, the undersigned recognizes that although *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Johnson asserts that his claims arise under the ADA. Title II of the ADA, 42 U.S.C. § 12131. Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) (citing 42 U.S.C. § 12132). The Sixth Circuit has recognized two types of claims under Title II of the ADA: "(1) failure-to-accommodate claims and (2) intentional discrimination claims." *Keller v. Chippewa County*, 860 Fed. App'x. 381, 385 (6th Cir. 2021). In an intentional discrimination claim the plaintiff asserts that "disabilities were actually considered by the [defendant] in formulating or implementing" the harmful polices or conduct. *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 460 (6th Cir. 1997).

To establish a claim under Title II of the ADA, Keller must show:

(1) that he has a disability[1];

---

[1] The term "qualified individual with a disability" includes "an individual with a disability who, with or without . . . the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). .

    (2) he is otherwise qualified; and

    (3) that he was being excluded from participation in, denied benefits of, or subjected to discrimination because of his disability.

*Keller*, at 388.

Liberally construing Johnson's complaint, he alleges that he has a disability. Johnson says that he has ADHD and PTSD, that he suffered from mental and physical abuse, and that he has social anxiety disorder. It is unclear from the complaint whether his asserted disability qualifies as a disability under 42 U.S.C. § 12102(2). But assuming that Johnson can jump that hurdle, he has not alleged that he is being denied a service, program, or activity, or that he is being discriminated against because of his disability. Johnson has failed to connect his alleged disability to the building code violations that concern the city. Johnson fails to state a claim upon which relief may be granted.[2]

## IV. Recommendation

For these reasons, the undersigned respectfully recommends that the Court dismiss the complaint.

Dated: June 28, 2024                                           /s/ *Maarten Vermaat*
                                                                                                MAARTEN VERMAAT
                                                                                                U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

---

[2] It appears that Johnson is essentially challenging the state court proceeding concerning building code violations. (ECF No. 13-2, PageID.112-115.) Johnson is not without recourse because he may appeal that decision in the state courts.

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).