UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JAY JOHNSON,

    Plaintiff,

v.

    Case No. 2:23-cv-217

    Hon. Robert J. Jonker

CITY OF WAKEFIELD and RAYMOND J. O'DEA,

    Defendants.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation recommending that the Court dismiss *pro se* Plaintiff John Jay Johnson's Amended Complaint against Defendants City of Wakefield and City attorney Raymond J. O'Dea under Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief may be granted. (ECF No. 14). The Court has also reviewed Johnson's Objections to the Report and Recommendation. (ECF No. 17). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. Wright & A. Miller, Federal Practice and Procedure § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir.

2

1981).  The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Johnson's Objections.  After its review, the Court finds that the Magistrate Judge's Report and Recommendation is factually sound and legally supported.

Johnson has numerous mental health issues, and he contends that Defendants violated Title II of the Americans with Disabilities Act ("ADA") by pursuing State court proceedings against him that resulted in his new mobile home being deemed a "blight/nuisance."  (ECF No. 13). According to Johnson, this forced him to reside in an unlivable older mobile home that contained "deadly environmental risk[s]," including fecal matter that Defendants "spilled in [his] home." (*Id.*).  Like the Magistrate Judge, the Court is not unsympathetic to Johnson and the challenges he appears to have endured while trying to improve his living conditions.  But as Judge Vermaat correctly pointed out, Johnson's Amended Complaint fails to plausibly state a claim under Title II of the ADA.  *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Even assuming that Johnson is disabled within the meaning of the ADA, he has made no effort to map Defendants' alleged actions regarding the State court proceedings onto a failure-to-accommodate or intentional-discrimination claim—the two types of claims cognizable under Title II of the ADA.  *See, e.g.*, *Roell v. Hamilton Cty.*, 870 F.3d 471, 488 (6th Cir. 2017).  Johnson's tangential Objections, (ECF No. 17), have no impact on the Court's analysis.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 14), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. This matter is **DISMISSED**.

**IT IS SO ORDERED.**

Dated:  August 13, 2024          /s/ Robert J. Jonker
                                                                     ROBERT J. JONKER
                                                                     UNITED STATES DISTRICT JUDGE